IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

Michael H. Holland, Micheal W. Buckner,
Michael Loiacono and Michael O. McKown as
Trustees of the United Mine Workers of
America 1974 Pension Trust,
2121 K Street, N.W. Suite 350
Washington, D.C. 20037
Telephone:  (202) 521-2238

       Plaintiffs,

Michael H. Holland, Micheal W. Buckner,
Michael Loiacono and Michael O. McKown as
Trustees of the United Mine Workers of
America 2012 Retiree Bonus Account Trust,
2121 K Street, N.W. Suite 350
Washington, D.C. 20037
Telephone:  (202) 521-2238

       Plaintiffs,

Michael H. Holland, Micheal W. Buckner,
Michael Loiacono and Michael O. McKown as
Trustees of the United Mine Workers of
America Cash Deferred Savings Plan of 1988,
2121 K Street, N.W. Suite 350
Washington, D.C. 20037
Telephone:  (202) 521-2238

       Plaintiffs,

Michael H. Holland, Michael O. McKown,
Marty D. Hudson and Daniel R. Jack as
Trustees of the United Mine Workers of
America 1993 Benefit Plan
2121 K Street, N.W. Suite 350
Washington, D.C. 20037
Telephone:  (202) 521-2238

       Plaintiffs,
    v.

Civil Action No. *5:14 - 16178*



Bluestone Coal Corporation
100 Cranberry Creek Drive
Beckley, WV 25801

      Defendant,

Double Bonus Coal Company
100 Cranberry Creek Drive
Beckley, WV 25801

      Defendant,

Justice Energy Company, Inc.
100 Cranberry Creek Drive
Beckley, WV 25801

      Defendant.

Keystone Service Industries, Inc.
100 Cranberry Creek Drive
Beckley, WV 25801

      Defendant.

## COMPLAINT

1.     Plaintiffs Michael H. Holland, Micheal W. Buckner, Michael Loiacono and Michael O. McKown are Trustees of the United Mine Workers of America ("UMWA") 1974 Pension Trust, the UMWA 2012 Retiree Bonus Account Trust, and the UMWA Cash Deferred Savings Plan of 1988. Plaintiffs Michael H. Holland, Michael O. McKown, Marty D. Hudson, and Daniel R. Jack are Trustees of the UMWA 1993 Benefit Plan. The UMWA 1974 Pension Trust, UMWA 2012 Retiree Bonus Account Trust, UMWA Cash Deferred Savings Plan of 1988, and the UMWA 1993 Benefit Plan are collectively referred to hereinafter as the "UMWA

Health and Retirement Funds" or "Funds."  The Trustees conduct the business of the Funds at 2121 K Street, N.W., Suite 350, Washington, D.C. 20037.

2.      Defendants Bluestone Coal Corporation ("Bluestone Coal"), Double Bonus Coal Company ("Double Bonus"), Justice Energy Company, Inc. ("Justice Energy"), and Keystone Service Industries, Inc. ("Keystone Service") are or were corporations with an office and/or address at 100 Cranberry Creek Drive, Beckley, WV 25801.

3.      Jurisdiction is conferred on this Court by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185; Section 502(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e); and Section 9721 of the Coal Industry Retiree Health Benefit Act of 1992 (the "Coal Act"), 26 U.S.C. § 9721.

4.      The UMWA Health and Retirement Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3) and multiemployer plans within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

5.      Upon information and belief, Plaintiffs allege that since 1971, Defendant Bluestone Coal has been engaged in operating a certain coal mine or mines, or coal mining business in and/or about McDowell County, West Virginia.

6.      Upon information and belief, Plaintiffs allege that since 2004, Defendant Double Bonus has been engaged in operating a certain coal mine or mines, or coal mining business in and/or about Wyoming County, West Virginia.

7.      Upon information and belief, Plaintiffs allege that since 2003, Defendant Justice Energy has been engaged in operating a certain coal mine or mines, or coal mining business in and/or about McDowell County, West Virginia.

8.      Upon information and belief, Plaintiffs allege that since 1987, Defendant Keystone Service has been engaged in operating a certain coal mine or mines, or coal mining business in and/or about McDowell County, West Virginia.

9.      On or about September 14, 2011 the Defendants signed the National Bituminous Coal Wage Agreement of 2011 ("Wage Agreement").  Copies of the Wage Agreements (signature pages) are attached hereto as Exhibit A.

10.     Plaintiffs included all four Defendants together in this lawsuit, because Defendants are commonly owned, and the Defendants' obligations to the Plaintiff employee benefit plans are jointly administered through central administrative offices in West Virginia.

11.     Under the terms of Article XX(d) of the Wage Agreements, the Defendants are required to pay to all Plaintiffs certain amounts based on each hour worked by the Defendants' classified employees.  These "Wage Agreement Contributions" under Article XX(d) are based on an hourly rate to each Plaintiff Trust.  The Wage Agreements further require the Defendants to make payments by the tenth day of each month covering amounts due based on the preceding month's operations, and to furnish monthly statements showing the full amounts due and payable based on the hours worked.  These statements are called Remittance Advice Forms.

12.     In addition to "Wage Agreement Contributions" due under Article XX(d), under the terms of Article XXB of the Wage Agreements Defendants are required to pay each month "Employer Contributions" to Plaintiff UMWA Cash Deferred Savings Plan of 1988 ("CDSP"), for certain eligible employees.  Specifically, these "Employer Contributions" to the CDSP are called "Enhanced Premium Contributions" ("EPC's") and "Supplemental Pension Contributions" ("SPC's").

4

13.     As of May 6, 2014 no payments have been received from Defendants since early January 2014.  Specifically, hours worked and reported for October 2013 through March 2014 have not been paid by any of the Defendants.  (The most recent payment from Defendants, in early January 2014, was payment for hours worked in September 2013).

14.     As described below in Counts 1-4, regarding each Defendant's liability, the total past due "Wage Agreement Contributions" under Article XX(d) for all four Defendants amounts to $525,516.54.  (Principal only.  Of this total, the total amount owed to each Plaintiff is as follows:  UMWA 1974 Pension Trust: $352,857.76; UMWA 2012 Retiree Bonus Account Trust: $100,083.28; UMWA Cash Deferred Savings Plan of 1988 for administrative contributions: $2,003.92; UMWA 1993 Benefit Plan: $70,571.58).

15.     Additionally, as described below in Count 2 and 3,  under the terms of Article XXB of the Wage Agreements, Defendants Double Bonus and Justice Energy owe past due "Employer Contributions" (EPC's and SPC's) through March 31, 2014 to Plaintiff CDSP, in the amounts of $66,375.58 and $76,536, respectively (principal), and interest on those contributions in the approximate amount of $7,778.53 and $8,655.81, respectively (as calculated using the interest rate adopted by the CDSP Trustees; an interest rate equivalent to the missed returns on the CDSP default investment).

16.     The Defendants have not made payments to the Funds as required by the Wage Agreements (Articles XX(d) and XXB) and thereby caused the Funds to suffer additional loss of investment income, and to incur administrative costs.

17.     ERISA Section 515, 29 U.S.C. § 1145 provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under terms of a collectively bargained agreement shall, to the extent not

> inconsistent with law, make such contributions in
> accordance with the terms and conditions of such
> plan or such agreement.

The Defendants violated the provisions of Section 515 of ERISA and the Wage

Agreement by engaging in the conduct described in paragraphs 11 through 16 above,

and Counts 1-4 below.

### Count 1 – Bluestone Coal

18.     Defendant Bluestone Coal has underpaid its "Wage Agreement Contributions"

due under Article XX(d) of the Wage Agreements during the period October 1, 2013 through

March 31, 2014 for hours worked in the principal amount of $6,142.11.  (Of this total, the total

amount owed to each Plaintiff is as follows:  UMWA 1974 Pension Trust: $4,123.63; UMWA

2012 Retiree Bonus Account Trust: $1,169.61; UMWA Cash Deferred Savings Plan of 1988 for

administrative contributions: $24.14; UMWA 1993 Benefit Plan: $824.73).  Interest through

April 15, 2014 is $69.27.

Plaintiffs have communicated with the Defendant Bluestone Coal seeking payment, but

the company has failed to remit the required payment.

### Count 2 – Double Bonus

19.     Defendant Double Bonus has underpaid its "Wage Agreement Contributions" due

under Article XX(d) of the Wage Agreements during the period October 1, 2013 through March

31, 2014 for hours worked in the principal amount of $239,027.03.  (Of this total, the total

amount owed to each Plaintiff is as follows:  UMWA 1974 Pension Trust: $160,490; UMWA

2012 Retiree Bonus Account Trust: $45,520.80; UMWA Cash Deferred Savings Plan of 1988

for administrative contributions: $918.23; UMWA 1993 Benefit Plan: $32,098).  Interest through

April 15, 2014 is $2,705.24.

Additionally, Defendant Double Bonus has underpaid its "Employer Contributions" (EPC's and SPC's) due under Article XXB of the Wage Agreements through March 31, 2014 to Plaintiff UMWA Cash Deferred Savings Plan of 1988 ("CDSP"), in the amount of $66,375.58 (principal), and interest on those contributions in the approximate amount of $7,778.53 (as calculated using the interest rate adopted by the CDSP Trustees; an interest rate equivalent to the missed returns on the CDSP default investment).

Plaintiffs have communicated with the Defendant Double Bonus seeking payment, but the company has failed to remit the required payment.

## Count 3 – Justice Energy

20.     Defendant Justice Energy has underpaid its "Wage Agreement Contributions" due under Article XX(d) of the Wage Agreements during the period October 1, 2013 through March 31, 2014 for hours worked in the principal amount of $270,027.12.  (Of this total, the total amount owed to each Plaintiff is as follows:  UMWA 1974 Pension Trust: $181,314.11; UMWA 2012 Retiree Bonus Account Trust: $51,427.27; UMWA Cash Deferred Savings Plan of 1988 for administrative contributions: $1,022.91; UMWA 1993 Benefit Plan: $36,262.83).  Interest through April 15, 2014 is $2,505.04.

Additionally, Defendant Justice Energy has underpaid its "Employer Contributions" (EPC's and SPC's) due under Article XXB of the Wage Agreements through March 31, 2014 to Plaintiff UMWA Cash Deferred Savings Plan of 1988 ("CDSP"), in the amount of $76,536 (principal), and interest on those contributions in the approximate amount of $8,655.81 (as calculated using the interest rate adopted by the CDSP Trustees; an interest rate equivalent to the missed returns on the CDSP default investment).

Plaintiffs have communicated with the Defendant Justice Energy seeking payment, but the company has failed to remit the required payment.

### Count 4 – Keystone Service

21.    Defendant Keystone Service has underpaid its "Wage Agreement Contributions" due under Article XX(d) of the Wage Agreements during the period October 1, 2013 through March 31, 2014 for hours worked in the principal amount of $10,320.28.  (Of this total, the total amount owed to each Plaintiff is as follows:  UMWA 1974 Pension Trust: $6,930.02; UMWA 2012 Retiree Bonus Account Trust: $1,965.60; UMWA Cash Deferred Savings Plan of 1988 for administrative contributions: $38.64; UMWA 1993 Benefit Plan: $1,386.02).  Interest through April 15, 2014 is $82.19.

Plaintiffs have communicated with the Defendant Keystone Service seeking payment, but the company has failed to remit the required payment.

WHEREFORE, Plaintiffs demand the following relief:

(a)    a preliminary injunction enjoining the Defendants from violating the terms of the collective bargaining agreements, and enjoining the Defendants from disposing of any assets;

(b)    a permanent injunction upon hearing of this cause, enjoining the Defendants from violating the terms of the collective bargaining agreements and disposing of any assets until the terms of the collective bargaining agreements are complied with;

(c)     Judgment for the Funds and against Bluestone Coal for "Wage Agreement Contributions" in the amount of $6,142.11 based on hours worked during the period October 1, 2013 through March 31, 2014 (more specifically, the amounts described in paragraph 18, and other amounts that accrue);

(d)     Judgment for the Funds and against Double Bonus for "Wage Agreement Contributions" in the amount of $239,027.03 based on hours worked during the period October 1, 2013 through March 31, 2014, and in the additional amount of $66,375.58 based on "Employer Contributions" owed through March 31, 2014 to Plaintiff UMWA Cash Deferred Savings Plan of 1988 ("CDSP") (more specifically, the amounts described in paragraph 19, and other amounts that accrue);

(e)     Judgment for the Funds and against Justice Energy for "Wage Agreement Contributions" in the amount of $270,027.12 based on hours worked during the period October 1, 2013 through March 31, 2014, and in the additional amount of $76,536.00 based on "Employer Contributions" owed through March 31, 2014 to Plaintiff UMWA Cash Deferred Savings Plan of 1988 ("CDSP") (more specifically, the amounts described in paragraph 20, and other amounts that accrue);

(f)     Judgment for the Funds and against Keystone Service for "Wage Agreement Contributions" in the amount of $10,320.28 based on

hours worked during the period October 1, 2013 through March 31, 2014 (more specifically, the amounts described in paragraph 21, and other amounts that accrue);

(g)    Judgment for all amounts due based on hours worked by Defendants' classified employees from October 1, 2013 to date, and for all amounts that become due based on hours worked during the pendency of this action;

(h)    an order requiring the Defendants to cooperate in any audit by the Funds and to present for inspection and/or copying, all records that the auditors determine are necessary to complete the audit, including but not limited to all records pertaining to hours worked beginning October 1, 2013 to date, and for Judgment on the amount found to be due and owing based on hours worked as determined by the aforementioned audit;

(i)    Judgment for interest on all amounts due based on hours worked, from the dates they became due pursuant to the Wage Agreements;

(j)    Judgment for the greater of double interest on the delinquent amount or liquidated damages of 20 percent pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g);

(k)    Judgment for attorneys fees, audit costs and other costs and disbursements in this action;

(l)    that the Court retain jurisdiction of this case pending compliance with its orders; and

(m)     for such other and further relief as the Court may deem just.

Respectfully submitted,

GARY A. COLLIAS, ATTORNEY AT LAW
P.O. Box 70007
122 Capitol Street, Suite 300
Charleston, WV  25301-007
Telephone: (304) 344-3653

DAVID W. ALLEN
General Counsel

LARRY D. NEWSOME
Associate General Counsel

CLAYTON M. CRESWELL
Assistant General Counsel

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W. Suite 350
Washington, D.C.  20037
Telephone:  202-521-2238

Attorneys for Plaintiffs

197076460.docx

011 005

## AGREEMENT

The parties to this Agreement are Riverton Coal Corporation ("Employer") and the International Union, United Mine Workers of America ("UMWA"), on behalf of its members. The parties hereto agree to and adopt each and every term of the 2011 NBCWA, including Appendix A, B, C, and D and all Side Letters and Memorandum of Understanding (as listed on Attachment A), as well as the negotiated Individual Employer Plan. These provisions are hereby incorporated by reference and constitute the Agreement between the parties.

The wage increase set forth in Article X of the 2011 NBCWA shall be retroactive and shall cover all hours worked on and after July 1, 2011. The Employer shall include all retroactive payments with the first paycheck payable after execution of this Agreement. In the event that any miner eligible for such retroactive payments is not in active status on the date of the first paycheck after execution, the Employer shall mail to the miner the applicable retroactive amount due for all hours worked on or after July 1, 2011 on the date that the first paycheck after execution is distributed to active miners.

**IN WITNESS WHEREOF,** both parties signatory hereto have caused this Agreement to be signed on the date specified herein, to be effective July 1, 2011.

_____
**(Authorized Signer for Employer)**

CEO _____
**(Title)**

Tom D. Lusk _____
**(Type or Print Name)**

55-0526141 _____
**(Employer Identification Number)**

_____
**(Authorized Signer for UMWA International)**

International VP UMWA District 17 _____
**(Title)**

Joseph M. Carter, Jr. _____
**(Type or Print Name)**

Date: 9/14/ 2011 _____

RECEIVED

SEP 2 2 2011

UMWA CONTRACT DEPARTMENT

Exhibit

A

0115006

# AGREEMENT

The parties to this Agreement are Double Bonus Coal Company ("Employer") and the International Union, United Mine Workers of America ("UMWA"), on behalf of its members. The parties hereto agree to and adopt each and every term of the 2011 NBCWA, including Appendix A, B, C, and D and all Side Letters and Memorandum of Understanding (as listed on Attachment A), as well as the negotiated individual Employer Plan. These provisions are hereby incorporated by reference and constitute the Agreement between the parties.

The wage increase set forth in Article X of the 2011 NBCWA shall be retroactive and shall cover all hours worked on and after July 1, 2011. The Employer shall include all retroactive payments with the first paycheck payable after execution of this Agreement. In the event that any miner eligible for such retroactive payments is not in active status on the date of the first paycheck after execution, the Employer shall mail to the miner the applicable retroactive amount due for all hours worked on or after July 1, 2011 on the date that the first paycheck after execution is distributed to active miners.

**IN WITNESS WHEREOF,** both parties signatory hereto have caused this Agreement to be signed on the date specified herein, to be effective July 1, 2011.

_____          CEO _____
**(Authorized Signer for Employer)**          **(Title)**

Tom D. Lusk _____
**(Type or Print Name)**

20-1034159 _____
**(Employer Identification Number)**

_____          International VP UMWA District 17 _____
**(Authorized Signer for UMWA**                **(Title)**
**International)**

Joseph M. Carter, Jr. _____
**(Type or Print Name)**

Date: 9-14-2011 _____

RECEIVED

SEP 22 2011

UMWA CONTRACT DEPARTMENT

0115007

# AGREEMENT

The parties to this Agreement are **Justice Energy, Inc.** ("Employer") and the International Union, United Mine Workers of America ("UMWA"), on behalf of its members. The parties hereto agree to and adopt each and every term of the 2011 NBCWA, including Appendix A, B, C, and D and all Side Letters and Memorandum of Understanding (as listed on Attachment A), as well as the negotiated Individual Employer Plan. These provisions are hereby incorporated by reference and constitute the Agreement between the parties.

The wage increase set forth in Article X of the 2011 NBCWA shall be retroactive and shall cover all hours worked on and after July 1, 2011. The Employer shall include all retroactive payments with the first paycheck payable after execution of this Agreement. In the event that any miner eligible for such retroactive payments is not in active status on the date of the first paycheck after execution, the Employer shall mail to the miner the applicable retroactive amount due for all hours worked on or after July 1, 2011 on the date that the first paycheck after execution is distributed to active miners.

**IN WITNESS WHEREOF,** both parties signatory hereto have caused this Agreement to be signed on the date specified herein, to be effective July 1, 2011.

_(signature)_
**(Authorized Signer for Employer)**

CEO
**(Title)**

Tom D. Lusk
**(Type or Print Name)**

04-3781222
**(Employer Identification Number)**

_(signature)_
**(Authorized Signer for UMWA International)**

International VP UMWA District 17
**(Title)**

Joseph M. Carter, Jr.
**(Type or Print Name)**

Date: 9-14-2011

RECEIVED

SEP 2 2 2011

UMWA CONTRACT DEPARTMENT

0110008

## AGREEMENT

The parties to this Agreement are Keystone Service Industries ("Employer") and the International Union, United Mine Workers of America ("UMWA"), on behalf of its members. The parties hereto agree to and adopt each and every term of the 2011 NBCWA, including Appendix A, B, C, and D and all Side Letters and Memorandum of Understanding (as listed on Attachment A), as well as the negotiated Individual Employer Plan. These provisions are hereby incorporated by reference and constitute the Agreement between the parties.

The wage increase set forth in Article X of the 2011 NBCWA shall be retroactive and shall cover all hours worked on and after July 1, 2011. The Employer shall include all retroactive payments with the first paycheck payable after execution of this Agreement. In the event that any miner eligible for such retroactive payments is not in active status on the date of the first paycheck after execution, the Employer shall mail to the miner the applicable retroactive amount due for all hours worked on or after July 1, 2011 on the date that the first paycheck after execution is distributed to active miners.

**IN WITNESS WHEREOF,** both parties signatory hereto have caused this Agreement to be signed on the date specified herein, to be effective July 1, 2011.

_____          CEO_____
**(Authorized Signer for Employer)**          **(Title)**

Tom D. Lusk_____
**(Type or Print Name)**

55-0673462_____
**(Employer Identification Number)**

_____          International VP UMWA District 17____
**(Authorized Signer for UMWA**          **(Title)**
**International)**

Joseph M. Carter, Jr._____
**(Type or Print Name)**

Date: 9-14-2011_____

RECEIVED

SEP 2 2 2011

UMWA CONTRACT DEPARTMENT