IN THE U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
at Beckley

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, MICHAEL LOIACONO, and MICHAEL O. McKOWN as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST, and MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, MICHAEL LOIACONO and MICHAEL O. McKOWN as Trustees of the UNITED MINE WORKERS OF AMERICA CASH DEFERRED SAVINGS PLAN of 1988, and MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, MICHAEL LOIACONO, and MICHAEL O. McKOWN as Trustees of the UNITED MINE WORKERS OF AMERICA 2012 RETIREE BONUS ACCOUNT TRUST, and MICHAEL H. HOLLAND, MICHAEL O. McKOWN, MARTY D. HUDSON, and DANIEL R. JACK as Trustees of the UNITED MINE WORKERS OF AMERICA 1993 BENEFIT PLAN, | Civil Action No. 5:14-cv-16178 |
| Plaintiffs, | |
| v. | |
| BLUESTONE COAL CORPORATION, DOUBLE BONUS COAL COMPANY, JUSTICE ENERGY COMPANY, INC. and KEYSTONE SERVICE INDUSTRIES, INC. | |
| Defendants. | |

ORDER OF DEFAULT JUDGMENT AND INJUNCTIVE RELIEF

On this day, came Plaintiff-Trustees of the United Mine Workers of America 1974 Pension Trust, United Mine Workers of America Cash Deferred Savings Plan of 1988, United Mine Workers of America 2012 Retiree Bonus Account Trust, and United Mine Workers of America 1993 Benefit Plan, by counsel Gary A. Collias, upon the Plaintiff-Trustees' Motion for Default Judgment.  Upon mature consideration of the record of this case and the statements of counsel, the Court finds that the defendants, Bluestone Coal Corporation, Double Bonus Coal Company, Justice Energy Company, and Keystone Service Industries, have failed to answer or otherwise defend this case and that the clerk has duly entered default.  The Court further finds that the defendants are bound by the terms of the National Bituminous Coal Wage Agreement of 2011 and are obligated thereunder to submit monthly reports of production and to make contributions to each of the Funds administered by the plaintiffs in accordance with such collective bargaining agreement and any successor wage agreements, and the Court further finds that in light of the defendants' failure to answer that there is no issue of fact to be submitted to the trial court and concludes that the plaintiffs are entitled to judgment as a matter of law.  It is, accordingly, ORDERED that Plaintiff-Trustees' Motion for Default Judgment and Injunctive Relief is granted, and it is further ORDERED, ADJUDGED and DECREED that the plaintiffs recover from each defendant as follows:

**Bluestone Coal**

Unpaid "Wage Agreement Contributions" pursuant to Article XX(d) of the NBCWA, and 29 U.S.C. Section 1132(g)(2)(A): **$6,142.11**;

Interest on those unpaid "Wage Agreement Contributions" pursuant to and at the rates specified in 29 U.S.C. Section 1132(g)(2)B): **$69.27**;

2

Liquidated damages of 20% provided under the plans and pursuant to 29 U.S.C. Section 1132(g)(2)(C): **$1,228.42**;

**Total Bluestone Coal: $7,439.80**

## Double Bonus Coal Company

Unpaid "Wage Agreement Contributions" pursuant to Article XX(d) of the NBCWA, and 29 U.S.C. Section 1132(g)(2)(A): **$239,027.03;**

Interest on those unpaid "Wage Agreement Contributions" pursuant to and at the rates specified in 29 U.S.C. Section 1132(g)(2)B): **$2,705.24**;

Liquidated damages of 20% provided under the plans and pursuant to 29 U.S.C. Section 1132(g)(2)(C): **$47,805.41;**

Unpaid "Employer Contributions" pursuant to Article XXB of the NBCWA, and 29 U.S.C. Section 1132(g)(2)(A): **$66,375.58**;

Interest on those unpaid "Employer Contributions" pursuant to and at the rates specified in 29 U.S.C. Section 1132(g)(2)B): **$7,778.53**;

Liquidated damages of 20% provided under the plans and pursuant to 29 U.S.C. Section 1132(g)(2)(C): **$13,275.12**;

**Total Double Bonus Coal Company: $376,966.91**

## Justice Energy Company

3

Unpaid "Wage Agreement Contributions" pursuant to Article XX(d) of the NBCWA, and 29

U.S.C. Section 1132(g)(2)(A): **$270,027.12;**

Interest on those unpaid "Wage Agreement Contributions" pursuant to and at the rates specified

in 29 U.S.C. Section 1132(g)(2)B): **$2,505.04;**

Liquidated damages of 20% provided under the plans and pursuant to 29 U.S.C. Section

1132(g)(2)(C): **$54,005.42;**


Unpaid "Employer Contributions" pursuant to Article XXB of the NBCWA, and 29 U.S.C.

Section 1132(g)(2)(A): **$76,536;**

Interest on those unpaid "Employer Contributions" pursuant to and at the rates specified in 29

U.S.C. Section 1132(g)(2)B): **$8,655.81;**

Liquidated damages of 20% provided under the plans and pursuant to 29 U.S.C. Section

1132(g)(2)(C): **$15,307.20;**


**Total Justice Energy Company: $427,036.59**


**Keystone Service Industries**

Unpaid "Wage Agreement Contributions" pursuant to Article XX(d) of the NBCWA, and 29

U.S.C. Section 1132(g)(2)(A): **$10,320.28;**

Interest on those unpaid "Wage Agreement Contributions" pursuant to and at the rates specified

in 29 U.S.C. Section 1132(g)(2)B): **$82.19;**

Liquidated damages of 20% provided under the plans and pursuant to 29 U.S.C. Section

1132(g)(2)(C): **$2,064.06;**

4

**Total Keystone Service Industries: $12,466.53**

And, post-judgment interest as provided by law.

It is accordingly ORDERED, ADJUDGED and DECREED: that judgment be and the same is hereby entered in favor of the plaintiff-Trustees and against Bluestone Coal in the amount of $7,439.80, against Double Bonus Coal Company in the amount of $376,966.91, against Justice Energy Company in the amount of $427,036.59, and against Keystone Service Industries in the amount of $12,466.53, with interest after that date of judgment as provided by law, with leave to file for modification of the judgment if further investigation or subsequent audit reveals additional amounts due.

It is further ORDERED, ADJUDGED and DECREED pursuant to 29 U.S.C. Section 1132(g)(2)(D) that defendants are jointly and severally liable for reasonable attorney's fees and costs of this action in the amount of $1,530.00.

It is further ORDERED, ADJUDGED and DECREED pursuant to 29 U.S.C. Section 1132(g)(2)(E) that the defendants specifically perform their contractual duties: that defendants permit an audit of their books by agents of the plaintiffs, to make payments for each month as due, and to keep all payments and remittances due the plaintiffs current and to furnish the plaintiffs regular monthly statements of the full amounts due; all as provided in the plans as set forth in Article XX, Sections (d)(1), (4), (5), (6) and (7), and Article XXB, of the National Bituminous Coal Wage Agreement of 2011.

     It is further ORDERED that the Clerk forthwith shall remove this civil action from the active docket of this Court, the same to remain in inactive or closed status unless and until a party shall move to reopen for further action.

ENTERED this 11th day of July , 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

PRESENTED BY:

GARY A. COLLIAS, ESQ.
Attorney at Law
122 Capitol Street, Suite 300
P.O. Box 70007
Charleston, WV  25301-0007
Telephone: (304) 344-3653
COUNSEL FOR PLAINTIFFS

197085591.docx

6